## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## CRIMINAL COMPLAINT AND ARREST WARRANT

Your Affiant, Homeland Security Investigations (HSI) Special Agent (S/A) Gaelan Doskey, Hampton, Virginia, being duly sworn, states the following:

1.      Your Affiant began his law enforcement career in January 2007, after being hired by the Newport News, Virginia (VA) Police Department (NNPD).  In July 2007 your Affiant graduated the Newport News Basic Law Enforcement Academy, being certified as a Virginia Police Officer.  From July 2007 until May 2020, your Affiant was employed with NNPD as a Police Officer, Detective, and Task Force Officer assigned to the Drug Enforcement Agency (DEA) Task Force.  During this time your Affiant conducted investigations into state and federal criminal violations.  These included investigations into violations of the Virginia Drug Control Act.  Your Affiant also investigated violations of United States Code (U.S.C.) as it related to distribution of controlled substances, conspiracy to distribute controlled substances, and importation of controlled substances.

2.      In May 2020, your Affiant was hired as a Special Agent with HSI and is currently assigned to the Office of the Special Agent in Charge, Norfolk, Virginia.  Your Affiant is further assigned to the Hampton Roads Peninsula Drug Initiative (HRPDI), High Intensity Drug Trafficking Area (HIDTA) Task Force in Hampton, Virginia.  In January 2021, your Affiant completed the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP).  Your Affiant graduated the HSI Special Agent Training (HSI-SAT) program in May 2021.  Since being employed with HSI, your Affiant has continued to investigate violations of the U.S.C. as it relates to distribution of controlled substances, conspiracy to distribute controlled substances, and importation of controlled substances.

3.      The facts and information contained in this Affidavit are based upon your Affiant's training, knowledge, experience, discussions, and observations with other law enforcement officers.  All observations not personally made by your Affiant were relayed by the individuals who made them or were conveyed by your Affiant's review of records, documents, and other physical evidence obtained during the course of this investigation.  This Affidavit contains information necessary to support probable cause and is not intended to include every fact and matter observed by your Affiant or known to the Government.

4.      Your Affiant makes this Affidavit in support of an application for an arrest warrant and a criminal complaint charging **Joelbi BAEZ CORONA** with Possession with Intent to Distribute a Controlled Substance, Cocaine, in violation of 21 U.S.C. § 841(a)(1).

**PROBABLE CAUSE IN SUPPORT OF**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

5.      Since in or about September 2023, Special Agents and Task Force Officers assigned to the Department of Homeland Security (DHS), HSI, have been investigating multiple subjects involved in the distribution of controlled substances in the Hampton Roads area of Virginia.  One of these individuals was identified as **Joelbi BAEZ CORONA**.

6.      On February 10, 2024, members of the investigative team received information from a confidential source (CS) regarding a Hispanic male, whose identity was unknown at the time.  The CS indicated that this unknown Hispanic male was involved in transporting cocaine into the Hampton Roads area of Virginia for distribution.  Further, the CS provided information indicating that the unknown Hispanic male would be at the Extended Stay America – Hampton Coliseum hotel, located at **** Commerce Drive, Hampton, VA.  This CS has previously provided information to members of the investigative team related to several individuals involved in the distribution of illegal drugs throughout multiple states, including Virginia.  This

2

information included the identities of subjects, what types of illegal drugs they were involved in selling, where they sold these illegal drugs, with whom they associated in the illegal drug trade, and, in some instances, the phone numbers they utilized, among other pieces of intelligence. This information has been independently corroborated through surveillance, phone toll analysis, seizures of illegal drugs, other witness information, and so forth, and found to be accurate.

7.     Members of the investigative team conducted surveillance in the parking lot of the Extended Stay America hotel and observed a maroon Honda SUV displaying Virginia license plates ending in 8212.  Members of the investigative team ran this information and identified **Joelbi BAEZ CORONA** as the registered owner, with an address of a residence located in Laurel, Maryland 20708.   Although having a Virginia registration on his vehicle, **BAEZ CORONA** was found to be unlicensed in Virginia.  **BAEZ CORONA's** descriptors were that he was a white male, born in 1990, and approximately 6'2" and 150 pounds.  Members of the investigative team also contacted hotel management to obtain the registry of individuals who had currently rented hotel rooms, often referred to as a "Bucket List."  Upon reviewing this registry, members of the investigative team identified Room 215 as being rented by **BAEZ CORONA**. **BAEZ CORONA** checked in on February 10, 2024, with a departure date of February 11, 2024. Hotel management indicated that **BAEZ CORONA** had rented the room just prior to law enforcement checking the registry.

8.     Members of the investigative team conducted a criminal history check of **BAEZ CORONA**.  This revealed that on January 22, 2019, **BAEZ CORONA** was convicted of a marijuana offense in New Jersey. On October 28, 2021, **BAEZ CORONA** was charged with Drug Trafficking in Idaho, however, there has been no disposition received.  An online case

3

information system reflects that this charge may have been dismissed without prejudice, pursuant to a deferred prosecution agreement.

9.      Members of the investigative team continued to conduct surveillance and observed a subject matching **BAEZ CORONA's** description coming and going from the Honda SUV. A member of surveillance observed **BAEZ CORONA** take something from the Honda SUV, wrap it up in another object, and take it into the hotel.

10.     Members of the investigative team received permission from hotel management to utilize a trained narcotics canine to conduct an open-air sniff of the hotel rooms on the property. At approximately 5:58 p.m., a trained narcotics canine conducted an open-air sniff of hotel rooms, including Room 215. This trained narcotics canine showed a positive alert to the presence of the odor of illegal narcotics coming from Room 215. This narcotics canine is trained to alert to the presence of cocaine, methamphetamine, ecstasy, and heroin. All of the aforementioned controlled substances are Schedule I/II narcotics under the Controlled Substances Act.

11.     Based on the totality of the circumstances, members of the investigative team obtained a state search warrant, signed by a Hampton Circuit Court Judge, authorizing the search of Room 215 at the Extended Stay America – Hampton Coliseum hotel, located at **** Commerce Drive, Hampton, VA.

12.     At approximately 7:15 p.m., members of the investigative team conducting surveillance observed **BAEZ CORONA** exit the hotel and begin walking towards his vehicle. **BAEZ CORONA** was detained pursuant to the ongoing investigation and imminent search warrant execution. At 7:22 p.m., your Affiant advised **BAEZ CORONA** of his *Miranda* warnings. **BAEZ CORONA** affirmed that he understood his *Miranda* rights and agreed to

speak to investigators.  **BAEZ CORONA** confirmed that he had rented a room at the hotel, that he was the only one staying there, that he was the only person who had come and gone from the room since he had rented it, and that he had just checked in that day.  **BAEZ CORONA** claimed that this was his first time in the Hampton area of Virginia and that he was coming to meet a female, about whom he only knew the first name of "Julia."

13.     At 7:23 p.m., the state search warrant was executed at Room 215 at the Extended Stay America – Hampton Coliseum hotel.  During this search, members of the investigative team located a rectangular object wrapped in black tape, consistent with a kilogram of illegal narcotics.  This item was in bubble wrap in a dresser drawer.  It was seized, subsequently field tested positive for cocaine, which is a Schedule II controlled substance, and found to weigh approximately one kilogram.  Members of the investigative team searched **BAEZ CORONA** and found two cellular telephones on his person.  **BAEZ CORONA** stated that both of the cellphones belonged to him, and he had the passcodes to unlock them.  Members of the investigative team did not locate any extra clothing, luggage, or toiletries in either **BAEZ CORONA's** room or his vehicle, which would be expected in conjunction with a typical overnight stay.

14.     Based on your Affiant's training and years of experience with investigating numerous individuals involved in the importation, transportation, distribution, and use of illegal narcotics, these facts are inconsistent with personal use.  Such facts include the amount of suspected cocaine recovered, the lack of items located that would facilitate the use of the suspected cocaine, that **BAEZ CORONA** was in possession of multiple cellular telephones, and the lack of items normally associated with overnight travel.

WHEREFORE, based upon the above information, your Affiant believes that probable cause exists to charge **Joelbi BAEZ CORONA** with Possession with the Intent to Distribute Cocaine, a Schedule II Narcotic Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).


Gaelan A. Doskey
HSI Special Agent
U.S. Department of Homeland Security


Read and Approved:


Alyson Yates
Special Assistant United States Attorney


Sworn and subscribed to before me
On this 12th day of February 2024

Hon. Lawrence R. Leonard
United States Magistrate Judge
Newport News, Virginia

6